Dani Crosby
Dani Crosby Law Office, Inc.
1227 W. 9th Ave., Suite 301
Anchorage, Alaska 99501
Telephone: (907) 277-1574
Facsimile: (907) 277-1657

Attorney for Plaintiffs John Lunetta and Jerry McLaughlin

# IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

## THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| JOHN LUNETTA and JERRY McLAUGHLIN,<br><br>Plaintiff,<br><br>v.<br><br>CHENEGA CORPORATION,<br><br>Defendant. | Case No. 3AN-15-_____ CI |

## COMPLAINT

Plaintiffs John Lunetta and Jerry McLaughlin ("Lunetta/McLaughlin"), by and through counsel, hereby complain against Defendant Chenega Corporation ("Chenega") as follows:

### PARTIES

1.      Lunetta is a resident of Chenega Bay, Alaska.

2. McLaughlin is a resident of Indiana.

3. Lunetta is the owner of the following described real property located in the Valdez Recording District, Third Judicial District, State of Alaska:

> Tract R, SAWMILL BAY, Evans Island, Prince William Sound, Alaska according to Plat No. 96-17, Sheet 8 of 18, Alaska Native Claims Settlement Act (ANCSA) Section 14(c), Tracts A through X and the Subdivision of U.S.S. 1728 P.L. 92-203 (85 STATE, 688.702.703) Chenega Corporation at Sawmill Bay, Alaska, containing .90 acre, recorded on December 26, 1996, in the Valdez Recording District, Third Judicial District, State of Alaska.

4. McLaughlin is the owner of the following described real property located in the Valdez Recording District, Third Judicial District, State of Alaska:

> Tract Q, SAWMILL BAY, Evans Island, Prince William Sound, Alaska according to Plat No. 96-17, Sheet 8 of 18, Alaska Native Claims Settlement Act (ANCSA) Section 14(c), Tracts A through X and the Subdivision of U.S.S. 1728 P.L. 92-203 (85 STATE, 688.702.703) Chenega Corporation at Sawmill Bay, Alaska, containing .90 acre, recorded on December 26, 1996, in the Valdez Recording District, Third Judicial District, State of Alaska.

5. Chenega is a village corporation organized pursuant to the Alaska Native Claims Settlement Act ("ANCSA"). Chenega owns corporate lands in the village of Chenega Bay.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to AS 22.10.020.

7. This dispute arose in the Third Judicial District and venue is appropriate in this Court.

8. The parties currently have a dispute involving a section of road running from the Village of Chenega Bay to Tracts R and Q (hereinafter "the Disputed Property" or "the road").

9. Pursuant to the Alaska Native Claims Settlement Act of 1971 ("ANCSA"), land described in Interim Conveyance 207 was conveyed to Chenega in 1979 ("Conveyed Land"). The Conveyed Land included the property now known as Tracts R and Q.

10. The original village of Chenega Bay was located on the southern end of Chenega Island in western Prince William Sound. The 1964 earthquake destroyed almost all of the buildings in the community. In or around 1984, Chenega relocated the village of Chenega Bay to the Conveyed Land after constructing the necessary infrastructure and 21 Housing and Urban Development (HUD) homes.

11. Since at least the 1940s, individuals have used the Disputed Property for access purposes between Port San Juan to Crab Bay on Evans Island.

12. Prior to enactment of ANCSA, the Forest Service issued permits to individuals that allowed them to construct and live in homes on the federal land that was eventually included in the Conveyed Land. The house currently standing on Tract R was originally built on federal land pursuant to such a permit, as was the house currently standing on Tract Q.

13. Chenega took the Conveyed Land subject to Section 14(c) of ANCSA. Section 14(c) required Chenega to convey land occupied by persons as primary residences, where such occupation existed as of the date of transfer.

14. In 1996, Chenega filed Plat No. 96-17 in the Valdez Recording District. Among other things, the plat created Tracts R and Q.

15. Pursuant to ANCSA Section 14(c), Chenega transferred title to Tract R to Lulu Maknoon in 1997 via quitclaim deed. Pursuant to ANCSA Section 14(c), Chenega transferred title to Tract Q to the Estate of Irving Widmore in 1997 via quitclaim deed.

16. At the time Chenega conveyed Tracts R and Q, the occupants of the houses on those tracts regularly used the Disputed Property for ingress and egress purposes.

17. Since conveyance of Tracts R and Q in 1997, the owners of the tracts have continued to regularly use the Disputed Property to access the community of Chenega Bay and important public services, such as the State's ferry system, an airstrip maintained by the State of Alaska Department of Transportation, and a community health clinic. In addition, Lunetta currently has a contract with the State to maintain its airstrip; he uses the Disputed Property to travel to and from the airstrip for this purpose. Lunetta's fiancé uses the Disputed Property to travel to her job at the community health clinic.

18. Chenega has asserted that the Defendants have no legal right to use the Disputed Property. Per a letter dated October 2, 2015 from Chenega's legal counsel, Chenega intends to block access to the Disputed Property effective October 20, 2015.

## CAUSE OF ACTION NO. 1
## IMPLIED EASEMENT

19. Lunetta/McLaughlin incorporate by reference all preceding paragraphs.

20. A quasi-easement in the location of the Disputed Property existed at the time that Chenega conveyed Tracts R and Q in 1997.

21. The quasi-easement was apparent.

22. The quasi-easement was reasonably necessary for enjoyment of Tracts R and Q.

23. The quasi-easement was continuous in nature.

24. Tracts R and Q have an implied easement across the Disputed Property.

## CAUSE OF ACTION NO. 2
## EASEMENT BY NECESSITY

25. Lunetta/McLaughlin incorporate by reference all preceding paragraphs.

26. Tracts R and Q use the Disputed Property to access the community of Chenega Bay and important public services, such as the State's ferry system, an airstrip maintained by the State of Alaska Department of Transportation, a community health clinic, and the public school.

27. Other than the Disputed Property, there is no other road access available to Lunetta/McLaughlin that would allow them to access the community of Chenega Bay and important public services.

28. Lunetta/McLaughlin have an easement by necessity across the Disputed Property.

## PRAYER FOR RELIEF

1. For an order affirming that Lunetta/McLaughlin have an easement across the Disputed Property.

2. For a preliminary and permanent injunction prohibiting Chenega from blocking access to the Disputed Property.

3. For a judgment in favor of Lunetta/McLaughlin and against Chenega for attorneys' fees and costs.

4. For such other relief as the Court deems proper and just.

DANI CROSBY LAW OFFICE, INC.
Attorneys for Plaintiffs

Dated: October 15, 2015   By: /s/ Dani Crosby
Dani Crosby
Alaska Bar No. 9809041